IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**MAJOR RICE,**                                                                                                              **PLAINTIFF**

**V.**                                                                                                              **NO. 4:05CV207-GHD-EMB**

**LOWE'S OF GREENVILLE MISS., INC.,**                                                     **DEFENDANT**

### **REPORT AND RECOMMENDATION**

This matter is before the Court on the application of Major Rice for leave to file suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5, *et seq.*, without payment of fees, costs, or security and for appointment of counsel.

Plaintiff initiated the instant action against Lowe's on August 23, 2005, by the filing of the instant motions. The proposed complaint alleges Lowe's fired plaintiff in retaliation for his prosecuting another complaint for discrimination against Lowe's.

Plaintiff initiated another action in this Court against Lowe's in Cause No. 4:04cv360-GHD-EMB on November 18, 2004.[1] A review of the record in that case along with the record herein indicates plaintiff filed the first of two EEOC Charges of Discrimination (No. 131-2003-02008) against Lowe's on October 30, 2003. That Charge alleged race discrimination in violation of Title VII and wage discrimination in violation of the Equal Pay Act. Plaintiff filed a second EEOC Charge of Discrimination (No. 131-2004-01894) against Lowe's on July 2, 2004, alleging Title VII race discrimination and retaliation. It was noted in this Charge that plaintiff believed the alleged retaliation was based on his having filed a Charge of Discrimination against defendant in

---

[1] The Court takes judicial notice of the records of this action filed in this the Greenville Division of the Northern District of Mississippi.

October 2003. On August 20, 2004, the EEOC made a no probable cause finding and issued a Notice of Right to Sue on plaintiff's first Charge, No. 131-2003-02008. Thereafter, plaintiff initiated Cause No. 4:04cv360-GHD-EMB against Lowe's with the filing of a motion for leave to proceed *in forma pauperis* and for appointment of counsel. His motion to proceed *in forma pauperis* was granted upon reconsideration on April 15, 2005.

On May 23, 2005, the EEOC issued a Notice of Right to Sue on plaintiff's second Charge, No. 131-2004-01894. Thereafter, plaintiff initiated the instant separate action, which includes the retaliation claim contained in his second EEOC Charge.

On August 18, 2005, the undersigned entered a Scheduling Order in Cause No. 4:04cv360-GHD-EMB, which established a deadline of September 2, 2005, for amendment of the pleadings.

Considering the foregoing, the undersigned finds that the retaliation claim asserted in this action grows out of the claims asserted by plaintiff in the Complaint filed by him in Cause No. 4:04cv360-GHD-EMB. Plaintiff was allowed to proceed in that case without payment of fees and costs. Plaintiff exhausted the claims asserted herein with the EEOC prior to expiration of the deadline for amendment of the pleadings in Cause No. 4:04cv360-GHD-EMB. Yet, rather than seeking leave to amend his Complaint in that case, he initiated the instant separate action wherein he again seeks leave to proceed without payment of fees and costs. Plaintiff should not be allowed to waste the resources of this Court. For this reason, it is my recommendation that plaintiff's motion for leave to proceed *in forma pauperis* and his motion for appointment of counsel be denied.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties

2

are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

    Respectfully submitted this, the 24th day of October, 2005.

                                                          **/s/ Eugene M. Bogen**
                                                             **U. S. MAGISTRATE JUDGE**